FILED

2013 JUL -1  PM 1:18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WASHAM,<br><br>                              Plaintiff,<br>        vs.<br>BRANDON EVANS; et al.,<br><br>                              Defendants. | CASE NO. 12-CV-2066 BEN (BGS)<br><br>**ORDER DISMISSING ACTION** |

*Pro se* Plaintiff Carl A. Washam filed a Second Amended Complaint against Brandon Evans.  (Docket No. 12.)  For the reasons outlined below, the Court **DISMISSES** the action.

## BACKGROUND

Plaintiff alleges that he was previously a member of 24 Hour Fitness. (SAC at 1.) According to Plaintiff, he "was a prominent member always paying my dues on time" and "never had a quarrel with any one."  (*Id.*)  Plaintiff alleges that his membership was wrongfully discontinued. (*Id.* at 2.)

## DISCUSSION

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28

12-CV-2066

1  U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

2  The legal sufficiency of a complaint is tested under Federal Rule of Civil

3  Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule

4  12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible

5  claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). That is, the

6  complaint must state enough facts to raise a reasonable expectation that discovery will

7  reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the

8  complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*,

9  749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual

10  allegations and construe them in the light most favorable to the plaintiff. *Thompson*

11  *v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

12  336, 337-38 (9th Cir. 1996). *Pro se* litigants are not "excused from knowing the most

13  basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227

14  F.3d 1104, 1107 (9th Cir. 2000).

15  Here, Plaintiff has not cited any law that affords him relief for the

16  discontinuation of his membership at 24 Hour Fitness. Accordingly, the Second

17  Amended Complaint lacks a cognizable legal theory. The Second Amended Complaint

18  is, therefore, **DISMISSED.**

19  **CONCLUSION**

20  For the reasons stated above, the Second Amended Complaint is **DISMISSED**

21  without leave to amend.

22  **IT IS SO ORDERED.**

23  DATED: 6/29/13

24  HON. ROGER T. BENITEZ
United States District Judge

25

26

27

28